# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1159V
(not to be published)

| | |
|---|---|
| AGUSTIN PINO,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 18, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Diana Lynn Stadelnikas*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On August 9, 2018, Agustin Pino filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on September 8, 2016. (Petition at 1, 3). On December 13, 2019, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 4, 2020, requesting an award of $40,038.33 (representing $38,602.10 in fees and $1,436.23 in costs (ECF No. 42). In accordance with General Order #9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (*Id.* at 2). Respondent reacted to the motion on February 5, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 43). That same day Petitioner filed her reply requesting fees and costs be awarded in full. (ECF No. 44).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A. Hourly Rates

i.   Diana Stadelnikas

Petitioner requests the following rates of compensation for the work of his attorney Diana Stadelnikas at the rates of $372 for work billed in 2017, $396 for work billed in 2018, and $415 for work billed in 2019. (ECF No. 42-1 at 26). These rates are consistent with what has been previously awarded to Ms. Stadelnikas for her work in the Vaccine Program. Accordingly, no adjustment to Ms. Stadelnikas requested rates is necessary.

For time billed in 2020, Ms. Stadelnikas is requesting the increased rate of $440.00 per hour for her time. Based on my experience I find the requested increase for time billed in 2020 to be reasonable and award it herein.

ii.   Joseph Vuckovich

Attorney Joseph Vuckovich billed 4.80 hours in 2017 at a rate of $313 per hour and 17.10 hours in 2018 at a rate of $323 per hour. (*Id*). However, as is consistent with other cases in this program, Mr. Vuckovich's rates will be reduced to $290 per hour for time billed in 2017 and $300 for time billed in 2018. This results in a reduction of fees of **$503.70**.[3]

## ATTORNEY COSTS

Petitioner requests $1,436.23 in overall costs.  (ECF No. 42-2 at 1). This amount is comprised of obtaining medical records, interpreter services and the Court's filing fee. I have reviewed all of the requested costs and find the overall amount to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Accordingly, I hereby GRANT IN PART Petitioner's Motion for fees and costs. I award a total of **$39,534.63** (representing $38,098.40 in attorney's fees and $1,436.23 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's

---

[3] This amount consists of ($313 - $290 = $23 x 4.8 hrs = $110.40) x ($323 - $300 = $23 x 17.10 hrs = $393.30) = $503.70.

counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.